### STATE v WHIGHAM

Ohio Appeals, 1st Dist, Hamilton Co

No 5475. Decided October, 1938

Dudley Outcalt Cincinnati, F. M. Gusweiler, Cincinnati, for appellee.

Verne Wilson, Cincinnati, Oris E. Hamilton, Cincinnati, for appellant.

HORNBECK, J, (2nd Dist) sitting by designation.

### OPINION

By ROSS, PJ.

The defendant was convicted of the crime of murder in the second degree and sentenced by the Common Pleas Court of Hamilton County to life imprisonment.

He complains in part that the court improperly admitted evidence of other acts similar to that upon which the state predicates its case, and that the court improperly charged the jury.

A brief review of the evidence is necessary to depict the problems presented by the assignments of error mentioned.

The defendant loaned a revolver to his sister for a New Year's celebration. He secured a return of the revolver on January 6th, went to a pool room or saloon and became engaged in a quarrel with another man, whom he shot while he was being attacked with a knife. He reloaded the revolver with extra cartridges, which he carried on his person. He then met a Susie Stevenson with whom he went to the home of the deceased, apparently for the purpose of obtaining liquor. He had previously been to this place a number of times and was presumably familiar with its location and occupants. The defendant and the deceased had quarreled some three or four years previously, and there is evidence that the defendant had been attacked and abused by the deceased. The defendant, however, claims he was surprised when he discovered he was in the home of the deceased. The evidence is in hopeless confusion as to what took place after the defendant entered the home of the deceased. Out of all of this dispute appears the fact that the defendant shot the deceased five times

and at least once in the back. He fled from the home of the deceased, who fired at least twice at him as he ran away.

The defendant gave himself up, told conflicting stories about the whereabouts of the revolver, and finally secured it from his sister-in-law, with whom he had left it after shooting the deceased.

The evidence of other similar acts was brought out on cross-examination of the defendant, whose acts the prosecutor sought to show from the time he secured the gun from his sister earlier in the afternoon of the day of the shooting.

The judges of the Court of Appeals of the First District have previously expressed their conception of the applicability of §13444-19, GC, which it has been repeatedly held is merely declaratory of the common law rule. See: **State of Ohio v Hahn, 10 Ohio Opinions 560,** motion to certify refused by Supreme Court of Ohio.

There are two requisites to the admission of similar acts in the evidence of the state. First, such acts must ▮▮▮▮ be in some way directly related to the crime in chief; and, second, they must in some way be probative of a necessary element of the case of the state.

It is difficult to see how the previous shooting was either related to the shooting of the deceased, or how it was probative of any necessary element in the case of the state. Had this evidence been introduced by the state in chief in its case, we would unqualifiedly hold it to have been improperly admitted, and to constitute prejudicial error.

But this evidence was presented on cross-examination. It was presented after the defendant had repeatedly evaded direct answers to the questioning of the prosecutor. It appeared when the prosecutor by questioning tried to trace the acts and conduct of the defendant after he secured the weapon from his sister. It was incidental to such attempt.

The jury should have been instructed to disregard the admissions of the defendant and told that it had no probative value for the state. Was this failure error, prejudicial to the defendant? Before we answer this question it is necessary to consider the further testimony of the defendant, admitted in connection with the admissions of the previous shooting. His evidence, and it was the **only** evidence on the subject, showed conclusively that the first shooting was in self-defense also. Our conclusion is that under such circumstances, we would not reverse the judgment of the Common Pleas Court, were this the only error of which complaint was made.

A much more serious error appears in the charge of the court related to the admission of this cross-examination. The charge reads:

"The court also wants to say that **the** court has admitted evidence of another crime. That is in accordance with the statute of Ohio, and that is because the statute says, in any criminal case where the defendant's motive, intent or absence of mistake or accident on his part is material, any like act or other acts, of the defendant which may tend to show his motive, intent or absence of mistake or accident on his part may be admitted in evidence, and it is merely a question as bearing upon the question of motive and intent with which the shooting took place that the court is admitting that evidence."

Now, certainly, bearing in mind that a person is at all times until convicted presumed innocent of any crime charged against him, and that the only evidence involving the former shooting clearly exculpated the defendant of any blame in connection therewith, a statement by the court that the cross-examination of the defendant referred to was "evidence of a crime" constituted error, prejudicial to the defendant of a most serious character.

It is true the court did not say that such previous shooting **constituted** a crime, but he did say in effect that it was evidence of a crime, when in truth and in fact the only evidence admitted related thereto, the cross-examination of the defendant, showed conclusively no crime had been committed.

Juries do not carefully weigh the exact value of language used in their presence. The fineness of meaning involved in the charge would be lost upon them. The use of the word "crime" in connection with the cross-examination of the defendant was bound to produce an unfavorable attitude toward the defendant. Its use in our opinion constituted, under the circumstances, error, prejudicial to the defendant.

We, therefore, reverse the judgment of the Court of Common Pleas, and direct that the case be remanded to that court for a new trial.

MATTHEWS and HORNBECK, JJ, concur.